

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed January 11, 2007                                        **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SAM D. WILLIAMS AND § | CASE NO. 06-10312-RLJ-13 |
| DEE A. WILLIAMS, § | |
| § | |
| DEBTORS § | |

## MEMORANDUM OPINION

On December 11, 2006, hearing was held on confirmation of the chapter 13 plan of the debtors Sam and Dee Williams. Raymond and Estrellita Painter oppose confirmation, contending that the debtors' plan has not been proposed in good faith as required by section 1325(a)(3) of the Bankruptcy Code (11 U.S.C.).

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). This Memorandum Opinion contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

**Background**

The Williamses' chapter 13 plan was filed with the Court on October 4, 2006. The plan provides for monthly plan payments of $1,245 per month for sixty months. At the hearing, they announced that the plan payment would be increased to $1,370 a month, beginning with the December 2006 payment. Under their plan, the Williamses are paying five secured creditors and one priority creditor, the Internal Revenue Service. At the time the plan was filed, the scheduled amount of the IRS priority claim was $1,645. At the confirmation hearing, it was announced that the IRS's priority claim is $6,614. Other than the Painters' objection, no other objections have been filed to the plan. The chapter 13 trustee is satisfied that the Williamses are dedicating all their disposable income to the plan and that, apart from the issue of good faith, the plan complies with the provisions of section 1325 of the Bankruptcy Code. The trustee advised the Court that he anticipates a payout to unsecured creditors of approximately five percent, based on unsecured claims of approximately $82,000.

The Williamses filed a prior chapter 13 case in late 1998, which was dismissed in late 1999, after they had reached an agreement with their creditors. The present chapter 13 case was filed on September 19, 2006. Sam Williams testified that he and his wife had fallen behind in making their house and car payments and were at risk of foreclosure at the time they filed the case.

Sam Williams is a building contractor. He owns a company, Big "S" Company, under which he bids and ostensibly performs his construction projects. On September 16, 2005, Raymond Painter and Big "S" Company entered into a residential construction contract agreement. Sam Williams signed the contract as "authorized agent" of Big "S" Company. The contract provided that Big "S" Company would construct a 1,088 square foot two-story addition,

with other improvements, to the Painters' lake home on Lake Leon near Eastland, Texas, for the sum of $72,047. The Painters paid the initial payment of $10,000, along with several required monthly draws, resulting in total payments of approximately $68,000. The parties had certain oral agreements for changes to the project but, in so doing, failed to address whether the changes would increase, or how much it would increase, the contract price. In addition, the Painters purchased certain items in connection with the project and separately paid other contractors to complete portions of the project, all of which Big "S" was arguably required to do under the terms of the contract. In short, a dispute arose on the contract concerning the completion, the amount owing, and the quality of the work performed. The Painters had a leak at the house which required further repairs and delayed their ability to move-in.

The corporate charter of Big "S" Company was forfeited by the Secretary of State of Texas on July 7, 2006. Despite this, Sam Williams continues to bid for jobs under the Big "S" Company name.

As stated, the Williamses filed this chapter 13 case on September 19, 2006. Their initial mailing list contains fourteen creditors. It did not include the Painters. The Williamses filed their Schedules and Statement of Financial Affairs on October 4, 2006. The Schedules include fifty-one unsecured creditors, including the Painters. On September 19, 2006, the Notice of Chapter 13 Case, Meeting of Creditors, and Deadlines (the "Notice") was issued. The meeting of creditors under section 341 of the Bankruptcy Code, as set forth in the notice, was held on October 17, 2006. The Notice apparently went out to the fourteen creditors set forth on the Williamses' original mailing list filed on September 9, 2006, with the original petition. The confirmation hearing for the Williamses' chapter 13 plan was set for November 1, 2006. The

notice of the confirmation hearing was issued on October 4, 2006. The certificate of service for the plan and notice of hearing on plan confirmation was sent to fifty-four creditors. There is no dispute that the Painters received the plan and notice of the confirmation hearing. On December 4, 2006, the Williamses filed an amended list of unsecured creditors which added seven creditors.

Raymond Painter met with the Williamses in early August 2006 regarding the status of the project. At such time, Sam Williams told Painter that he would complete the job after September 29, after he had completed another job on which he was presently working. He also told Painter that, because of financial difficulties, he would be filing bankruptcy.

## Discussion

The Painters contend that the "totality of the circumstances" require the Court to conclude that the Williamses have failed to propose their chapter 13 plan in good faith. *See United States v. Estus (In re Estus)*, 695 F.2d 311 (8th Cir. 1982). The "circumstances" they raise, and for which the Court has heard evidence, are: (1) the filing and dismissal by the Williamses of a prior chapter 13 bankruptcy case; (2) the pre-petition problems and disputes associated with the contract between the Painters and Sam Williams's company Big "S" Company; and (3) the Williamses' failure to properly schedule the Painters as a creditor and to adequately provide notice of the bankruptcy case, specifically notice of the section 341 creditors' meeting.

While the Court is concerned regarding certain aspects of this case, particularly the Williamses' failure to provide a meaningful notice of the 341 creditors' meeting and their continued operations through Big "S" Company, the Court cannot conclude that they have failed to propose their plan in good faith. Their prior chapter 13 filing bears no relation to the present

filing. There is no evidence that any of the same creditors are involved. The cases are not sufficiently proximate in time to raise an issue of bad faith. With respect to disputes concerning Williams's (or Big "S" Company's) performance under the contract, such dispute ultimately concerns the Painters' claim in this case and is best considered in the claims' objection process. In addition, the Painters' statement that they intend to raise an issue concerning the dischargeability of the claim does not, in the Court's view, impact the question of whether the Williamses have proposed their plan in good faith. As for the Williamses' failure to provide notice to the Painters of the 341 creditors' meeting, the Court notes that such failure was nothing more than mere negligence. The Painters were included in both the original schedules and the notice of plan confirmation. Sam Williams advised the Painters that he was planning on filing bankruptcy, as well. The Painters have not contended that their missing the creditors' meeting has prejudiced them in any way in connection with this bankruptcy. A debtor's plan should be found to be lacking good faith if there has been a showing of serious debtor misconduct or abuse. 8 Collier on Bankruptcy, ¶ 1325.04[1], at 1325-16 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2005) (*citing Barnes v. Whelan*, 689 F.2d 193 (D.C. Cir. 1982); *In re Smith*, 848 F.2d 813 (7th Cir. 1988); *Educ. Assist. Corp. V. Zellner*, 827 F.2d 1222 (8th Cir. 1987)). The factors raised here, considered in the aggregate, do not raise an issue of serious misconduct or abuse by the debtors.

**Conclusion**

Upon the foregoing, the Court concludes that Sam and Dee Williams have proposed their chapter 13 plan in good faith and that the plan otherwise meets the requirements of section 1325 of the Bankruptcy Code and will therefore approve confirmation. The chapter 13 trustee is

requested to submit an order providing for confirmation of the Williamses' chapter 13 plan, as amended.

### End of Memorandum Opinion and Order ###